652 F.2d 652
 Blue Sky L. Rep. P 71,635
Russell E. C. MARTIN, Plaintiff-Appellee (80-3123)
Plaintiff-Appellant (80-3140)
v.
James C. STEUBNER; Northland Development Company of
Minneapolis, Inc., Northland Community Arena, A
Limited Partnership,
Defendants-Appellants
(80-3123)
Defendants-
Appellees (80-3140).
 Nos. 80-3123, 80-3140.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 1, 1981.
Decided June 25, 1981.
 
 Alan L. Briggs, Joseph Winner, Columbus, Ohio, for Steubner et al.
 Robert C. Perrin, Robert C. Perrin Co., L.P.A., Bruce Reppert, Columbus, Ohio, for Martin.
 Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.
 LIVELY, Circuit Judge.
 
 
 1
 In this action the plaintiff, a resident of Ohio, sought relief from a transaction in which he invested in a Minnesota real estate development at the invitation of the defendants, a Minnesota limited partnership, its corporate general partner and the individual who is president of the corporation. Though the plaintiff sought relief on a number of grounds, the only issue on appeal relates to the failure of the defendants to register the transaction with the Ohio Division of Securities. The district court held that the defendants violated the Ohio Blue Sky Law, Ohio Revised Code §§ 1707.01 et seq., in failing to register the "securities" in Ohio and that the plaintiff was entitled to rescind the transaction and to recover his investment. Martin v. Steubner, 485 F.Supp. 88, 101 (S.D. Ohio 1979).
 
 
 2
 On appeal the defendants contend that the constitutional guarantee of due process and prohibition against unreasonable burdens on interstate commerce are violated by a requirement that they register with the Ohio Securities Division and defend this action in an Ohio federal court. Early in the proceedings the district court denied a timely motion to dismiss the complaint for lack of in personam jurisdiction.
 
 
 3
 The plaintiff first became aware of the Minnesota real estate development by reading an advertisement placed by the defendants in the midwest edition of the Wall Street Journal soliciting purchasers for limited partnership interests in Northland Community Arena. When plaintiff answered the advertisement requesting more information the defendant Steubner wrote the plaintiff describing the investment. The plaintiff had written from Ohio and the letter from the defendant Steubner was addressed to the plaintiff in Ohio. Later the plaintiff visited the real estate development in Minnesota and subsequently received another letter from the defendant containing more information about the proposed investment. Ultimately the plaintiff decided to make an investment and he caused $100,000 to be transferred from his Ohio broker to the defendants' bank in Minnesota. Thereafter the defendants mailed to the plaintiff in Ohio the subscription agreement which the plaintiff signed in Ohio and returned to the defendants.
 
 
 4
 The district court examined the Ohio statute and analyzed the particular contacts between the transaction and Ohio. Citing the contacts outlined above and keeping in mind "the State's interest in protecting its citizens," the district court found that extension of the requirements of the Ohio Blue Sky Law to this transaction is not unfair and does not violate due process requirements. 485 F.Supp. at 100. The court also reaffirmed its earlier holding that it had in personam jurisdiction over the defendants. Id. at 90.
 
 
 5
 Upon consideration of the briefs and oral arguments of counsel together with the record from the district court, this court concludes that there were sufficient contacts with the state of Ohio to permit Ohio to require registration of this transaction without infringing constitutional rights of the defendants. See Travelers Health Ass'n v. Virginia, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950). The more recent Supreme Court case of World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980), does not require a different conclusion. The contacts between defendant and the State of Oklahoma in that case were so slight that they failed to satisfy the minimum contacts requirement of due process. Each of these cases must be decided on its own facts.
 
 
 6
 Our decision on the primary appeal makes it unnecessary to consider the cross-appeal.
 
 
 7
 The judgment of the district court is affirmed.